# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KERNELL WILLIAMS, #214-884 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. DKC-06-1324 |
| | * | |
| JAMES SMITH, Warden, et al. | * | |
| Respondents | * | |

## MEMORANDUM

Before the court is a pro se 28 U.S.C. §2254 petition filed by Kernell Williams, a state prisoner incarcerated at the Maryland House of Correction- Annex, challenging his 1991 conviction in the Circuit Court for Baltimore City Attempted Second Degree Murder, Assault, Robbery with a Deadly Weapon and Use of a Handgun during the Commission of a Crime of Violence. Counsel for James Smith, Warden of the Maryland House of Correction-Annex and J. Joseph Curran, the Attorney General of Maryland, has filed an answer and exhibits seeking dismissal of the petition as time-barred.[1]

Upon review of the pleadings, the court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* The Petition is time-barred under 28 U.S.C. §2244(d)(1) and will be dismissed by separate order.

---

[1] In accordance with *Hill v. Braxton,* 277 F.3d 701, 707 (4th Cir. 2002), Petitioner was granted thirty days to explain why the petition was timely or why principles of equitable tolling should apply. Petitioner has not filed a reply. Further, Petitioner has neither asserted, nor do the pleadings suggest, any circumstances to justify equitable tolling. *See Rouse v. Lee,* 339 F. 3d 238, 246 ( 4th Cir. 2003); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000).

**I. Procedural History**

On October 31, 1991, a jury sitting in the Circuit Court for Baltimore City convicted Williams of attempted second degree murder, assault, robbery with a deadly weapon, and use of a handgun. Petition at 2; Resp. Ex. 1. On direct appeal, the Court of Special Appeals of Maryland affirmed the convictions. Petition at 3; Resp. Ex. 1. William's petition for writ of certiorari was denied by the Court of Appeals of Maryland on October 6, 1993. Resp. Ex. 4.

On April 24, 1997, Williams filed for post-conviction relief in the Circuit Court for Baltimore City. By Order entered October 3, 1997, the Petition was withdrawn without prejudice. On July 2, 2003, Williams filed a new petition for post-conviction relief. The post conviction court conducted a hearing on January, 27, 2005, and denied relief by order entered on June 29, 2005. The Court of Special Appeals of Maryland by unreported opinion filed on October 26, 2005, summarily denied Williams's application for leave to appeal the state post conviction court's ruling. Resp. Ex. 2. Williams's pro se request for reconsideration was denied on December 21, 2005, and the mandate issued on the same date. Resp. Ex. 3. Williams filed the instant petition for federal habeas corpus relief on May 23, 2006.[2]

**II.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), enacted on April 24, 1996, applies a one-year statute of limitations to federal habeas petitions challenging non-capital

---

[2] The instant petition is dated May 23, 2006. The court will assume for the purposes of this decision that it was delivered to prison officials and therefore filed in this court on the same day. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey,* 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

2

state convictions. *See* 28 U.S.C. § 2244(d).[3] This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

## III. Analysis

Petitioner's convictions became final for the purposes of 28 U.S.C. §2244(d) prior to April 24, 1996, the effective date of the AEDPA. As earlier noted, Williams's petition for certiorari

---

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

review was denied by the Court of Appeals of Maryland on October 6, 1993. Williams did not file a petition for certiorari in the United States Supreme Court. *See* Sup. Ct Rule 13.1. ("[a] petition for writ of certiorari seeking review of a judgment of a lower court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"). Consequently, his judgment became final for the purposes of 28 U.S.C. § 2244(d) in January of 1994.

A grace period of one year applies to habeas petitioners where the conviction became final prior to April 24, 1996. *See Brown v. Angelone,* 150 F.3d 370, 371-76 (4th Cir. 1998); *see also Hernandez v. Caldwell*, 225 F.3d 435-40 (4th Cir. 2000) (holding that the limitations period begins to run on April 25, 1996 and expires on April 25, 1997, for convictions which became final before April 24, 1996). In this case, the one-year limitations period began to run on April 25, 1996, and there were no properly filed state post-conviction proceeding pending between April 25, 1996, and April 24, 1997. Consequently, the instant petition was filed outside the limitations period, and is time-barred.

____8/18/06_____                    _____/s/_____
Date                                                             DEBORAH K. CHASANOW
                                                                  United States District Judge